IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tony L. Moore, #275740 ) | |
| ) | Civil Action No.8:07-1471-HMH-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Anthony Padula, Warden of ) | |
| Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

The petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 14.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on May 21, 2007.[1]  On September 21, 2007, the respondent moved for summary judgment. By order filed September 24, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 28, 2008, the petitioner filed a response.

## PROCEDURAL FACTS

The petitioner is currently housed at the Lee Correctional Institution. In November 2000, the petitioner was indicted for armed robbery. (App. 451-452.) At trial, the petitioner was represented by attorney Glenn Walters. A jury trial was held June 5-6, 2001, before

---

[1] This date reflects that the petition was stamped as received on May 21, 2007, at the Lieber Correction Institution mailroom (Pet. Attach. 1.)  <u>Houston v. Lack</u>, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

the Honorable Perry M. Buckner. The jury convicted the petitioner as charged and Judge Buckner sentenced the petitioner to twenty-nine years imprisonment. (App. 345, 348.) The petitioner timely filed an appeal.

Assistant Appellate Defender Robert M. Pachak represented the petitioner on appeal. On November 28, 2001, he filed a petition to be relieved as counsel and an *Anders* brief raising the following issue: "Whether an eyewitness identification of appellant should have been suppressed where it was tainted by the witness viewing appellant at a bond hearing?" (*Anders* Brief at 3.) On January 11, 2002, the petitioner submitted a pro se brief raising the following issue, quoted verbatim: "Did trial court committ reversible error, when he ordered, appellant to commence the closing arguement at trial!" (Pro Se Brief 4.) The petitioner also presented additional argument on the identification issue presented in the *Anders* brief. *Id*. On June 18, 2002, the South Carolina Court of Appeals dismissed the appeal. *State v. Moore*, 2002-UP-439 (S.C.Ct.App. filed June 18, 2002). The petitioner did not seek a writ of certiorari from the Supreme Court of South Carolina. The Court of Appeals issued the remittitur on July 23, 2002.

On December 30, 2002, the petitioner filed an application for post-conviction relief ("PCR") raising the following grounds for relief, quoted verbatim:

(a) Ineffective Assistance of Counsel;

(1) Applicant received ineffective assistance of counsel inasmuch as trial Counsel failed to allow applicant to review important case documents (rule 5) nor did counsel inform applicant of such documents. Applicant alleges that he never was aware of the results of the SLED Forensic Examination results pertaining to the latent lifts. Applicant alleges that there is a reasonable probability that had he been aware of such results, he would have entered a plea bargain.

(2) Applicant alleges that trial counsel was ineffective for failing to object to admission of latent lifts taken from the door, admitted into evidence as exhibit.

(b) Trial Court lacked Subject-matter jurisdiction.

> (1) Application alleges that indictment for armed robbery failed to state the full legal name of David Williamson. The applicant also alleges that . . . indictment failed to state the name of the victim Elaine Weatherford.

(App. 358;362-363.) On April 20, 2004, the petitioner filed a motion to amend to include the following issues, quoted verbatim:

> 1) Counsel was ineffective Assistance for not suppressing the in court identification of photographic line-up of the defendant, where prosecutorial misconduct transpired by exploitation.
>
> 2) Counsel was ineffective Assistance for not motioning for a mistrial, when there was probative evidence that (1) on of the jurors fell completely asleep during cross-examination in court.
>
> 3) The State Court Lack Subject Matters Jurisdiction by Applicant indictment being stamped true bill, before the grant jury convened.

(App. 367-368.) On April 29, 2004, an evidentiary hearing was held before the Honorable John M. Milling. Before the hearing began, PCR counsel moved for a continuance, arguing that he had just discovered the petitioner's pro se attempt to amend in April 2004. The PCR judge allowed the amendment but denied the continuance. The PCR judge also granted the state's motion to dismiss the challenge to subject matter jurisdiction. (App. 389-391.) On June 7, 2004, Judge Milling issued a written order dismissing the petitioner's PCR application. (App. 444-450.) The petitioner timely appealed the denial of relief.

Appellate Defender Wanda P. Hagler represented Petitioner on appeal. On April 7, 2005, appellate counsel filed a petition to be relieved as counsel and a *Johnson* petition for a writ of certiorari in the Supreme Court of South Carolina raising the following issue: "The PCR court erred in denying petitioner's allegation that counsel was ineffective with respect to the handling of the sleeping juror issue (failure to request a factual finding regarding whether sleeping juror should be found unqualified and thereafter excused.)" (*Johnson* Pet. 2.) On May 24, 2006, the Supreme Court of South Carolina denied the petition and issued the remittitur on June 9, 2006.

On May 21, 2007, the petitioner filed this habeas action raising the following grounds for relief:

**Ground One:**  Suppression of Eyewitness Identification.

**Ground Two:**  Sleeping Juror - one of the juror's fell completely asleep during cross-examination in Court . . .

**Ground Three:**   Indictment being Stamped True Bill before Grand Jury convened.

**Ground Four:** Request for Disclosure "Rule 5" didn't include documents that was used at trial.

(Habeas Pet. 6-11.)

## APPLICABLE LAW

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions and it is successive. The undersigned agrees.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999).

The petitioner was convicted on June 6, 2001, and he timely filed a direct appeal. His conviction became final under the provisions of the above cited statute, on July 23, 2002, when the state court of appeals issued the remittitur. *See Christy v. Christy*, 452

S.E.2d 1, 4 (S.C. Ct. App. 1994)("The final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court and filed in the lower court."). The petitioner did not seek a writ of certiorari in the state supreme court.  Thus, he is not entitled to the additional period of ninety days in which to seek certiorari review from the United States Supreme Court as the failure to seek certiorari from the Supreme Court of South Carolina precluded him from meeting the jurisdictional requirements of the United States Supreme Court.  28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, maybe reviewed by the Supreme Court by writ of certiorari. . ."); Sup. Ct. R. 13 (1)(time limits run from decision of "a state court of last resort" or an order of the "state court of last resort" denying discretionary review if decision to be challenged is from a lower state court).  Therefore, the one year time within which to file for federal habeas relief began to run after the issuance of the remittitur.

On December 30, 2002, the petitioner filed his PCR action tolling the time period after 160 days had lapsed.  The petitioner's PCR action concluded at the issuance of the remittitur on June 9, 2006, restarting the running of the time within which to file for habeas relief.  *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court").  The petitioner filed this habeas action on May 21, 2007.  At that time, an additional 346 days of time had run and a total of 506 days of time not tolled by the statute had lapsed before the filing of this action.  As stated above, the petitioner had only one year or 365 days to file for habeas relief.  The petitioner's habeas petition is 141 days late and thus barred by the statute of limitations.

7

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 14) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

April 14, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).