IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tony L. Moore, #275740,                              ) | |
|                                              ) | C.A. No. 8:07-1471-HMH-BHH |

Tony L. Moore, #275740,                                )
                                                       )       C.A. No. 8:07-1471-HMH-BHH
                    Petitioner,                        )
                                                       )
             vs.                                       )       **OPINION AND ORDER**
                                                       )
Anthony Padula, Warden of Lee                          )
Correctional Institution,                              )
                                                       )
                    Respondent.                        )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Tony L. Moore ("Moore") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Hendricks recommends granting the Respondent's motion for summary judgment on the basis that Moore's petition is barred by the statute of limitations.

Moore filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Moore's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Moore objects to the Magistrate Judge's conclusion that his petition is time barred. Specifically, he alleges that "he has filed with respect within one-year limitation of each proceedings," his post conviction relief ("PCR") action and his § 2254 habeas proceedings.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), provides that the one-year time limitation for filing a § 2254 motion does not begin to run until the "latest of--the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." The statute of limitations is tolled during the pendency of a properly filed PCR action. See 28 U.S.C. § 2244(d)(2) (2006). "[T]he AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 327 (4th Cir. 2000).

Moore filed his PCR application on December 30, 2002, one hundred sixty (160) days after his conviction became final on July 23, 2002. Therefore, upon the filing of Moore's PCR action, 160 days of the statute of limitations for the instant action had run. Moore's PCR

2

action became final on June 9, 2006.  The one-year statute of limitations began to run again on June 10, 2006.  Moore filed the instant action on May 21, 2007, almost one year after the conclusion of his PCR action.  Therefore, the instant petition is clearly time barred.  Based on the foregoing, Moore's objection that he had one year after the conclusion of his PCR action in which to file his § 2254 petition is without merit.

Moreover, there is no basis for applying the doctrine of equitable tolling.  "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Hendricks' Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 14, is granted and the habeas petition, docket number 1, is dismissed with prejudice.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 5, 2008

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.